FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUN 10 2016

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELOI PALLARES CALLADO,<br><br>Petitioner,<br><br>vs.<br><br>JANICE LAFARGA ROSELL,<br><br>Respondent, | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-463 CW<br><br>Judge Clark Waddoups |

This matter is before the court on Petitioner Eloi Pallares Callado's Verified Complaint and Petition for Return of Child. An evidentiary hearing was held before the Honorable Clark Waddoups on June 10, 2016. Charles L. Perschon appeared on behalf of Petitioner Eloi Pallares Callado. Respondent Janice LaFarga Rosell appeared *pro se*, but stated she was acting on the advice of her attorneys in Spain. After due consideration of the filings, evidence, and testimony of Petitioner, the court grants the Petition and orders the return of                    (the "Child") to Spain.

## FINDINGS OF FACT

1. The Child was born in Spain on May 7, 2006 and thereafter resided in Spain until August 2016.

2. After Petitioner and Respondent separated in 2013, the parents shared custody of the Child based on a verbal agreement of the parties. In conformance with the agreement,

Petitioner equally shared custody of the Child and remained an active participant in her life.

3. Petitioner also regularly paid child support to Respondent in an amount sufficient to equalize his income with Respondent's.

4. In August 2015, Respondent moved to the United States with the Child without informing Petitioner of her plans. The evidence supports that Respondent used a scheme to deceive Petitioner about Respondent's plans to move the Child to the United States and that Petitioner did not authorize the removal.

5. The evidence further supports the Respondent intentionally hid the location of the Child from Petitioner and limited the Child's contact with Petitioner. Only through diligent effort by Petitioner, was he able to locate the Child's location in Midway, Utah.

6. From the time Petitioner learned of the Child's removal to the United States until this case was filed, Petitioner actively sought the return of the Child to Spain by filing a petition under the Hague Convention and pursuing custody through the courts in Spain.

7. In January 2016, a Judge of the First Instance and Trial Court No. 3 of Igualada, Barcelona determined that Respondent lacked the unilateral authority to remove the Child from Spain and that such removal was wrongful. The Court further determined the custody of the Child shall reside with Petitioner in Spain until a final determination is made.

8. Respondent appealed the Order regarding the "wrongful" determination, but her appeal was denied in May 2016.

9. A hearing is scheduled in September 2016, for the Court in Spain to determine the final custody of the Child.

10. At the hearing before this court, the evidence showed that Petitioner and Respondent both have a loving relationship with the Child, that both are concerned about her

welfare, and that there is no threat of harm or danger to the Child from either parent.

11. The evidence further showed Petitioner is capable and willing to care for the Child and that the Child has relatives in Spain who are also supportive of her.

## CONCLUSIONS OF LAW

To support the purpose of The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October, 25, 1980 (the "Hague Convention"), Congress declared that "[c]hildren who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies." 22 U.S.C. § 9001(a)(4) (2014).

Based on the evidence, the court concludes Respondent unilaterally removed the Child from Spain although Petitioner had equal rights to the custody of the Child. The court further concludes Respondent did so under a scheme to deceive. The court therefore concurs with the two decisions issued in Spain that the Child's removal was wrongful.

Because Petitioner has established the Child was wrongfully removed, the court now addresses whether any exception applies to the Child's return. Article 12 of the Hague Convention directs that a child to be returned to the place in which the child was removed if less than one year has elapsed since the child's removal. In this case, the Child was born and lived in Spain until she was removed in August 2015. It was her habitual place of residence. Because less than a year has elapsed since the Child was removed, Petitioner has satisfied Article 12.

Article 13(a) specifies if Petitioner acquiesced to the Child's removal or was not exercising his custodial rights at the time of removal, an exception may apply. The evidence in this case shows Petitioner did *not* acquiesce to the removal and that he was properly exercising his custodial rights at the time of removal.

3

Article 13(b) and Article 20 provide an exception if returning a child would cause a grave harm to the child or violate the child's human rights and fundamental freedoms. Again, the evidence shows none of those exceptions applies in this case.

Finally, the court concludes there has been no conduct by Petitioner to waive or otherwise forfeit his rights for the return of the Child to Spain. Accordingly, the court concludes the Child must be returned to Spain based on the terms of the Hague Convention.

## ORDER

For the reasons stated above, the court hereby ORDERS that the Child be returned to Spain. The court authorizes Petitioner to return the Child to Spain at a time deemed appropriate by him.

The court ORDERS that the Child's passport, presently in the court's possession, be released to Petitioner.

The court further ORDERS that Respondent return all other travel documents to Petitioner no later than **11:00 a.m. on Saturday, June 11, 2016**. The parties shall coordinate a mutually convenient location for the return of the documents to Petitioner.

Upon the Child's return to Spain, the court ORDERS that Petitioner allow the Child to have reasonable communication with Respondent via a method deemed appropriate by him such as by telephone, Skype, e-mail or so forth. This ORDER shall remain in effect until a final custody determination has been made by the court in Spain.

DATED this 10th day of June, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge